UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:21-CR-00220 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| OTERRANCE RAYSHAND JACKSON | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM RULING

Pending before the Court is Defendant Oterrance Jackson's ("Jackson") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 76]. Jackson bases his motion on claims of ineffective assistance of counsel. For the following reasons, the Court denies his motion.

I. FACTUAL AND PROCEDURAL HISTORY

Jackson has an extensive criminal history record, which led to the investigation of the offenses he was charged with in this Court. He was convicted of Possession of Cocaine in 1998 and of Possession of a Firearm by a Convicted Felon in 2014. [Doc. No. 69, ¶ 17]. Given his criminal history, the Monroe Police Department ("MPD") High Enforcement Apprehension Team ("HEAT") began observing Jackson. [*Id.*, ¶ 18]. On November 30, 2020, a Reliable Cooperating Source revealed the following information regarding Jackson: he was selling cocaine, crack cocaine, Xanax, marijuana, and PCP out of the residence at 1606 Dawnview Lane; was storing the narcotics in the storage room refrigerator; and used an 18-wheeler type vehicle to bring drugs into Ouachita Parish from Texas. [*Id.*, ¶ 19]. In the two weeks following, agents observed Jackson's vehicle at his residence of 1606 Dawnview Lane on a regular basis. [*Id.*, ¶ 20].

On December 15, 2020, an officer conducted a traffic stop on Jackson for improper lane change. [*Id.*, ¶ 21]. During the stop, the officer detected a strong odor of marijuana coming from

Jackson's person and the inside of his vehicle. [*Id.*]. After waiving his Miranda rights, Jackson indicated that he no longer lived at 1606 Dawnview Lane and that his new address is 2311 Ticheli Road, Monroe, Louisiana. [*Id.*, ¶ 22]. Because no marijuana was located on Jackson's person or inside of the vehicle, he was released with a traffic citation. [*Id.*].

Following the traffic stop, MPD HEAT agents arrived at 1606 Dawnview Lane for the purpose of conducting a knock and talk investigation. [*Id.*, ¶ 23]. Jackson's thirteen (13) year old son answered the door and agents immediately detected a strong marijuana odor, which was consistent with the smell at the traffic stop. [*Id.*]. During the protective sweep, agents met Tanya Moore ("Moore"), Jackson's girlfriend, who also lives at the residence. [*Id.*, ¶ 24]. Upon waiving her Miranda rights, Moore stated that she was not responsible for anything inside of the residence. [*Id.*]. During their conversation with Moore, Jackson arrived and was immediately placed in handcuffs and detained because of his aggressive behavior. [*Id.*].

Jackson refused to answer when agents asked him why he was at 1606 Dawnview Lane if he no longer lived there. [*Id.*, ¶ 25]. Nevertheless, agents obtained a search warrant and found the following items: 9,071.85 grams of marijuana (19 pounds; the Court notes that 9,071.85 does not equal 19 pounds, the Defendant was held responsible for the lower amount as stipulated in the factual basis); 1,696 dosage units of suspected MDMA/Ecstasy tablets which contained 332.19 grams of methamphetamine; 610 dosage units of Sildenafil (generic Viagra); 233.36 grams of liquid PCP; 63.46 grams of powder cocaine; 45.41 grams of crack cocaine; a Glock 17, 9mm handgun; 52.56 grams of fentanyl; approximately $32,511.00 in U.S. currency; and several rounds of ammunition. [*Id.*, ¶ 26, 27].

Upon Jackson's arrest, agents started monitoring his phone calls in jail and heard him admit to possessing and selling the narcotics located inside his residence at 1606 Dawnview Lane. [*Id.*,

¶ 28]. Specifically, Jackson indicated that he was in possession of 18 or 19 pounds of marijuana. [*Id.*]. Additionally, other phone calls included unknown subjects telling Jackson that the "streets have been dry" without him. [*Id.*]. Lastly, Jackson made a phone call to Moore and instructed her to pick up money from subjects who owed him. [*Id.*].

On September 8, 2021, a Federal Grand Jury returned a six-count indictment against Jackson charging him with Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Possession with the Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Possession with the Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), and Possession of a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. No. 1].

On September 20, 2021, this Court issued an order enrolling Katrina Jackson as counsel for Jackson [Doc. No. 16, p. 1]. On August 25, 2022, Robert Noel, II was added as attorney for Jackson. [Doc. No. 69, ¶ 10].

On September 9, 2022, pursuant to a written plea agreement, the defendant pleaded guilty to counts one and six of the indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). [Doc. No. 62, p. 1, 2, 10, 11].

On October 28, 2022, a presentence investigation report was issued for Count One (Possession with the Intent to Distribute Methamphetamine) and Count Six (Possession of a Firearm During a Drug Trafficking Offense). [Doc. No. 69].

The Converted Drug Weight for Count One was 1,212.60 kilograms. [*Id.*, ¶ 34]. Since it was at least 1,000 kilograms, but less than 3,000 kilograms, the base offense level is 30. [*Id.*]. Nevertheless, Jackson's total offense level decreased to 27, accounting for the deduction of 3 points for acceptance of responsibility and assistance to authorities. [*Id.*, ¶ 41-43].

Jackson's total criminal history score is 6, which amounts to a criminal history category of III. [*Id.*, ¶ 55].

Three of these criminal history points were attributed to Jackson pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e) for a state conviction for possession of cocaine with intent to distribute. [*Id.*, ¶ 50]. On July 2, 1998, Jackson pled guilty and was sentenced to 6 years imprisonment, which was suspended. [*Id.*]. Although Jackson was placed on five years of probation, it was revoked on July 12, 2001. [*Id.*]. Parole supervision began on April 5, 2002, and expired on February 3, 2007. [*Id.*].

The other three criminal history points were attributed to Jackson pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(2) for a state conviction for attempted possession of a firearm by a convicted felon. [*Id.*, ¶ 54]. On March 13, 2012, Jackson pled guilty and was sentenced to 7.5 years imprisonment. [*Id.*]. Good Time supervision began on August 13, 2014, and Jackson earned compliance credit release on November 25, 2018. [*Id.*].

Given Jackson's total offense level of 27 and a Criminal History Category of III, the advisory guideline range as to the drug offense was 87 – 108 months. [*Id.*, ¶ 82].

Regarding Count Six (Possession of a Firearm During a Drug Trafficking Offense), the guideline provision had a 5 year (60 month) mandatory minimum. [*Id.*, ¶ 83].

On December 12, 2022, the Court sentenced Jackson to 108 months imprisonment as to Count 1 and 60 months imprisonment as to Count 2, to run consecutively, for a total of 168 months

imprisonment, and five years of supervised release to follow his sentence. [Doc. Nos. 66, 67]. On July 27, 2023, Eric Johnson ("Johnson") enrolled as counsel for Jackson in this matter. [Doc. No. 75]. On December 27, 2023, Jackson filed the instant motion *pro se*. [Doc. No. 76].

## II. LAW AND ANALYSIS

### A. Legal Standard

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). However, only a narrow set of claims are cognizable under this statute, which include the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally since collateral review is fundamentally different from and may not replace direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 2001) ("Because Marion has been convicted and has exhausted his appeal rights, the court on collateral review may presume that he stands fairly and finally convicted.").

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel" claims may

be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

## B. ANALYSIS

Because Jackson's challenge under 28 U.S.C. § 2255 is solely based on a claim for ineffective assistance of counsel, he is not required to overcome the procedural bar. Additionally, the Government asserts that attorneys cannot be considered ineffective for failing to raise a meritless claim. The Court will now analyze Jackson's claims that his attorney should have objected to the presentence investigation report and determine whether Jackson was denied effective assistance of counsel.

Jackson argues that his assistance of counsel was ineffective because his attorney failed to object to the presentence investigation report, which assigned six criminal history points instead of three. Moreover, Jackson asserts that because his attorney did not object to the number of criminal history points, he fell into Category III instead of Category II of the guideline range, which led to a longer sentence.

### 1. Jackson has failed to demonstrate how his attorney's actions were objectively unreasonable.

Per *Strickland*, defendants claiming ineffective assistance of counsel must first prove that their counsel's actions were objectively unreasonable. 466 U.S. at 668. As stated above, Jackson's probation for his 1998 conviction of Possession of Cocaine was revoked in 2001. Because of this, Jackson believes that this conviction was not imposed within 15 years of the commencement of the instant suit pursuant to U.S.S.G. § 4A1.2(e)(1) and hence, should not have been attributed three criminal history points.

Here, Jackson argues that his attorney's action of not objecting to the presentence investigation report was objectively unreasonable. The Court disagrees. As the Government correctly points out, U.S.S.G. § 4A1.2(k)(1) provides that "in the case of a prior revocation of probation ... add the original term of imprisonment imposed upon revocation." This instruction

regarding the computation of criminal history points applies to Jackson because the probation for his 1998 conviction was revoked. [Doc. No. 69, ¶ 50]. As a result, the original term for the 1998 conviction (6 years) is added to the revocation date (2001), which indicates that the 15-year imposition period begins in 2007 (2001 + 6 years = 2007). Since this suit commenced in 2020, the 1998 conviction was imposed within 15 years (2020 – 2007 = 13 years), which invalidates Jackson's argument to the contrary.

The attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995). Since an objection on these grounds has been proven to be meritless, the Court finds that Jackson's counsel was not objectively unreasonable in failing to object and **DENIES** the motion on this ground.

### 2. Because Jackson failed to show a deficient performance through his counsel, the presence of a resulting prejudice is impossible.

The standard for ineffective assistance of counsel during sentencing in noncapital cases requires the defendant to demonstrate that his attorney's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001). Despite Jackson's belief that he should have been in Category II rather than Category III, it was his criminal history—not an attorney error—that led to an increase of prison time. In fact, the *Strickland* court noted:

> [A]s a matter of law, the record affirmatively demonstrates beyond any doubt that even if [counsel] had done each of the ... things [that respondent alleged counsel had failed to do] at the time of sentencing, there is not even the remotest chance that the outcome would have been any different.

*Strickland*, 466 U.S. at 677-78. Therefore, even if the attorney had objected to the presentence investigation report like Jackson believed he should have, the outcome would have remained the same given its meritless nature.

The Court finds that Jackson has failed to satisfy the two-prong test under *Strickland* and therefore, the appointed counsel's assistance to Jackson was not ineffective, and his motion is further **DENIED** on these grounds.

### III.  DUAL REPRESENTATION

The United States Court of Appeals for the Fifth Circuit has held that litigants are not entitled to any sort of "dual representation." A document filed *pro se* is "to be liberally construed," *Estelle*, 429 U.S., at 106, 97 U.S. 285, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). However, this liberal construction is granted in *pro se* litigants because they are not afforded an attorney. It is clear from the record of this matter that Jackson has retained counsel, Eric Johnson.

The United States Fifth Circuit Court of Appeals has made clear that a represented defendant generally has no right to file *pro se* motions:

> [T]he gravamen of the complaint is that the refusal to docket and hear pro se motions of criminal defendants who are already represented by counsel of itself deprives them of their constitutional right of access to the courts. We do not agree. As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney. Therefore, in the absence of extraordinary circumstances, not alleged here, due process does not require that a criminal defendant be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions.

*Tarter v. Hury,* 646 F.2d 1010, 1014 (5th Cir. 1981); *see also Webb v. Scott*, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000) ("A criminal defendant's right of access to the courts is not infringed if she is represented by counsel."); *Ashcraft v. Cameron County*, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug.17, 1998) ("A criminal defendant cannot complain that he

9

was denied access to the courts while represented by counsel."); *Ford v. Foti*, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr.14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott*, No. 94-60723, 1995 WL 153057 (5th Cir. Mar.22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); *Webb v. Havins*, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); *Crockett v. Carpenter*, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994); *Sosa*, 2007 WL 1521441, at *6 n. 8; *Buckenburger*, 2006 WL 4503353, at *3; *Kirkpatrick*, 2006 WL 2401108, at *4; *Prather v. Anderson*, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D.Tex. Aug.31, 2005), ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation ... Until [a represented defendant] requests and receives permission to proceed *pro se*, ... he has no right to file motions and pleadings with the court on his own behalf.").

Therefore, the Court finds that even though Jackson's Motion is meritless, it is also before the Court improperly because he is not entitled to file motions on behalf of himself while he is also being represented by retained counsel. For this reason, the motion is further **DENIED**.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Oterrance Jackson's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 76] is **DENIED** and **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 5th day of February 2024.

                                            TERRY A. DOUGHTY
                                       UNITED STATES DISTRICT JUDGE

11